## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **TAMMY ROEBUCK,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 4:06-CV-2276-RDP** |
| | } | |
| **CASE CORPORATION, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

The court has before it Plaintiff's Motion to Remand (Doc. # 5) filed November 6, 2006. The motion has been fully briefed, and for the reasons outlined below, the court finds that it is due to be granted.

## I.    INTRODUCTION AND PROCEDURAL HISTORY

In this wrongful death lawsuit, Plaintiff maintains that her son died as a result of his use of an allegedly defective backhoe on April 9, 2005. Plaintiff filed suit in the Circuit Court of Marshall County on December 20, 2005, alleging various violations of Alabama state law including breach of certain warranties, failure to warn, violations of the Alabama Extended Manufacturer's Liability Doctrine, and negligence and/or wantonness. (Doc. # 1). On October 26, 2006, Defendants Case Equipment Corporation; Case, LLC; Case Corporation; CNH Global N.V.; and CNH America, LLC (collectively referred to as "Case") removed this case to this court on the basis of diversity and the allegedly fraudulent joinder of in-state defendant Cowin Equipment, Inc. ("Cowin")(Doc. # 1).

The Defendants' October 26, 2006 removal was not, however, the first time this case has been before the undersigned based upon that same argument. On January 30, 2006, Case removed the same lawsuit from the Circuit Court of Marshall County on the basis of diversity and the

allegedly fraudulent joinder of Cowin. *Roebuck v. Case Corporation, et al.,* 4:06-cv-00221-RDP (Doc. # 1). After consideration of Plaintiff's *first* motion to remand filed on February 14, 2006, this court determined that Case had not met its heavy burden of demonstrating fraudulent joinder with respect to Plaintiff's claim against Cowin and, on March 20, 2006, remanded the case to the Circuit Court of Marshall County. *Roebuck v. Case Corporation, et al.,* 4:06-cv-00221-RDP (Docs. # 7, 16, 17). Specifically, the court rejected Case's argument that Plaintiff's negligence claim against Cowin (based upon the alleged special business relationship that the Deceased's father had with Cowin regarding repairs and/or maintenance on the backhoe that was involved in his son's death) was not viable. (Doc. # 16). The court noted that Eleventh Circuit's admonishment that district courts considering the issue of fraudulent joinder should not delve into the weight of the merits of a claim beyond determining whether "there is even a possibility that a state court would find that the" plaintiff has stated a claim against the resident defendant. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Thus, the court concluded that Case had not carried its weighty burden of showing by clear and convincing evidence that Plaintiff has no possibility of prevailing on the theory of negligence as stated against Cowin.

After proceeding with the case in state court for seven months after this court's first remand, Case has again removed the case on the basis of diversity jurisdiction and the allegation that Plaintiff has fraudulently joined in-state defendant Cowin such that the court should disregard its Alabama citizenship. (Doc. # 1). This time, however, Case maintains that new and independent factual grounds fundamentally change the nature of this removal when compared with the first removal. Specifically, Case argues that facts obtained during the deposition of Carl Roebuck's deposition

2

provide clear and convincing evidence that Plaintiff cannot possibly succeed on her negligence cause

of action against Cowin.

## II.   APPLICABLE LEGAL PRINCIPLES

It is well-settled in this Circuit that because federal courts are courts of limited jurisdiction,

remand of removed cases is favored where federal jurisdiction is not absolutely clear. *Burns v.*

*Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).   The burden of establishing subject

matter jurisdiction for the purpose of removal to this court is on the removing defendants.   *See*

*Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).   A party can only remove a

previously unremovable case - like this one - in very limited circumstances.   *See* 28 U.S.C. §

1446(b).

In *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997), the Eleventh Circuit addressed the

issue of removal based on diversity jurisdiction when, as here, it is alleged that a non-diverse

defendant has been fraudulently joined:

> In a removal case alleging fraudulent joinder, the removing party has the burden of
> proving that either: (1) there is no possibility the plaintiff can establish a cause of
> action against the resident defendant; or (2) the plaintiff has fraudulently pled
> jurisdictional facts to bring the resident defendant into state court.   *Cabalceta v.*
> *Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).   The burden of the
> removing party is a 'heavy one.'   *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549
> (5th Cir. Unit A 1981).

*Crowe*, 113 F.3d at 1538; *see also Gonzalez v. J.C. Penny Corp.*, 2006 U.S. App. LEXIS 26178, at

*6-*7 (11th Cir. Oct. 20, 2006).[1]   The standard is onerous because, absent fraudulent joinder, a

---

[1] Under the second prong of the fraudulent joinder test, the court must determine whether
Plaintiff has fraudulently pled facts relating to a party's citizenship in an effort to avoid diversity
jurisdiction.   No issue related to this prong has been raised in this case.   Moreover, although the
Eleventh Circuit has also identified a third circumstance in which fraudulent joinder may exist –
where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint,

plaintiff has the absolute right to choose her forum. That is, courts must keep in mind that the plaintiff is the master of her complaint and has the right to choose how and where she will fight her battle. *Parks v. The New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962) ("[A]bsent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination.").

"A claim of fraudulent joinder must be pleaded with particularity, and supported by clear and convincing evidence." *Parks*, 308 F.2d at 478 (citations omitted). Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* that a claim exists. "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538 (citing *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545, 548-49 (5th Cir., Unit A 1981)). Therefore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Crowe*, 113 F.3d at 1538 (internal quotations omitted). It is clear that a plaintiff "need not have a winning case against the allegedly fraudulent defendant; [s]he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (internal quotations omitted). In this context "possible"

---

several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant (*see, e.g., Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998)) – the parties agree that situation is not at issue in this case either. Accordingly, the court limits its analysis to the first inquiry outlined by the Eleventh Circuit in *Crowe*. In relation to that inquiry, the parties are in agreement that the appropriate standard for the court to apply is whether there is any possibility that Plaintiff can establish a cause of action against the non-diverse Defendant. *Cabalceta*, 883 F.2d at 1561.

4

means "more than such possibility that a designated residence can be hit by a meteor tonight." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005).  In other words, Cowin's "potential for legal liability must be reasonable, not merely theoretical." *Legg*, 428 F.3d at 1325 n.5.

## III.    SUBSTANTIVE ANALYSIS

Plaintiff contends on remand: (1) that the deposition testimony upon which Case relies for its fraudulent joinder argument does not constitute "other paper" pursuant to 28 U.S.C. § 1446(b);[2] (2) this court does not have jurisdiction over Case's second removal because it is based upon the same grounds as Case's first removal; (3) all properly served Defendants have not joined in the removal as required; and (4) the deposition testimony upon which Defendant relies is not sufficient to establish that Cowin was fraudulently joined.

Assuming without deciding that a deposition transcript can constitute "other paper," that Case's grounds for removal a second time are not the same as the first time, but instead based upon new factual events that have fundamentally changed the nature of the removal, and that the removal is not procedurally defective because all properly served Defendants have joined in the removal, the court nonetheless finds that remand is appropriate because Case has not shown by clear and convincing evidence that Plaintiff has no *possibility* of stating a valid cause of action against Cowin

---

[2] Section 1446(b) provides:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

in this wrongful death case.  In fact, Case's removal papers, at best, are *again* nothing more than an attack on the strength of Plaintiff's claims by demonstrating that Plaintiff "may not ultimately prevail against" Cowin.  Because the court cannot rule out that possibility based upon the evidence and arguments before it, Case's fraudulent joinder argument fails and remand is the only appropriate course of action.

Plaintiff has alleged in her complaint that Cowin "provided advice to Carl Roebuck concerning the backhoe in question," "undertook to notify Mr. Roebuck of offerings of parts and other services provided by Cowin," and "also gave advice to Mr. Roebuck concerning the use of the Case backhoe" at issue in this lawsuit.  (Complaint,¶¶ 5, 38-43).  Accordingly, Plaintiff claims that Cowin failed to warn Roebuck of the alleged defects in the backhoe that caused the Decedent's death.

The parties agree that Alabama law recognizes a cause of action for failure to warn which may be alleged as a general matter of negligence or under the AEMLD.  *Turner v. Westhampton LLC*, 903 So.2d 82, 90 (Ala. 2004). "Central to both theories of a failure-to-warn claim is the absence of a warning accompanying the sale of a 'product.'"  *Turner*, 903 So.2d at 90.  Defendant maintains that because Cowin did not sell the product at issue, it cannot be liable to Plaintiff for failure to warn under either a general negligence theory or under the AEMLD.  Nonetheless, Cowin may have had a duty to act outside of a general negligence theory or the AEMLD under the Restatement (Second) of Torts, which has been adopted by the Alabama Supreme Court:

> As a general rule, in the absence of some special relation between the parties, the law imposes no duty on one person actively to protect or assist in the preservation of the person or property of another from injury, even though means by which harm can be averted are in his possession…And even the fact that a person realizes or should realize

> that action on his part is necessary for another's aid or protection does
> not of itself impose upon him a duty to take such actions.

*Morris v. Merritt Oil Co.*, 686 So.2d 1139, 1145 (Ala. 1996). Under this rule, Cowin would have

had a duty to act for the benefit of Carl Roebuck if such a duty arose out of a close relationship with

him, or if Cowin voluntarily undertook a duty to warn Carl Roebuck of the alleged dangers

associated with his loader backhoe.

The court found in its initial March 20, 2006 remand decision that, based in part upon the

February 25, 2006 affidavit of Carl Roebuck, Plaintiff had at least a possibility of stating a valid

negligence claim against Cowin based upon the alleged special business relationship that the

Deceased's father had with Cowin regarding repairs and/or maintenance on the backhoe that was

involved in his son's death. (Doc. # 16). Carl Roebuck's Affidavit states in pertinent part:

> 2. I purchased a new 580 Super K Case Backhoe which is the subject
> of this litigation, in 1993 from Mid South Equipment Company in
> Madison County, Alabama. Shortly after I purchased the backhoe,
> Mid South Equipment went out of business.
>
> 4. In 2001, in relation to my backhoe, I began doing business with
> Cowin. I have developed a business relationship with Cowin
> Equipment Company and several of its employees. I am most
> familiar with Joe Degardo who is an employee at Cowin. **I believe
> I had a special relationship with Cowin Equipment.** Rather than
> sending a serviceman to Albertville, I was able to talk to Cowin
> representatives by phone and they would walk me through the repairs
> or work on the backhoe. Cowin would instruct me and give me
> advice on installing replacement parts and maintaining the backhoe.
>
> 5. At no time during our relationship did anyone at Cowin
> Equipment tell me of the dangerous condition that existed with the
> 580 Super K Case Backhoe regarding the operation of the foot pedals.
> No one warned me that the boom could be accidentally activated by
> the unguarded foot pedals. No one at Cowin Equipment told me that
> there had been other accidents involving the foot pedals on the 580
> Super K Case Backhoe similar to the one that took my son's life.

(Doc. # 5, Ex. B; *see also Roebuck v. Case Corporation, et al.,* 4:06-cv-00221-RDP, Doc. # 12) (emphasis added).

Having completed additional discovery since the court's initial remand of this action, Defendant now seeks this court's jurisdiction by pointing to both Carl Roebuck's post-remand deposition and affidavits from Cowin employees as clear and convincing evidence that no "close relationship" existed. Specifically, Defendant points to Roebuck's personal opinion about the nature of his relationship with Cowin. When Roebuck was asked during his deposition if he believed that he had a "close relationship" with the people at Cowin, Roebuck responded "Not really. I knew - knew - knew who I was talking to on the cell – on the telephone about the parts." (Doc. # 2, Ex. 2, at 146). Nonetheless, Roebuck also noted that he visited the Cowin employees in person as well as speaking with them over the phone. (Doc. # 2, Ex. 2, at 146). Roebuck recalls speaking with Joe Degrado and Larry Carpenter of Cowin about parts for his backhoe, but he does not recall the substance of those conversations. (Doc. # 2, Ex. 2, at 145, 180, 181, 189). Joe Degrado and Larry Carpenter, formerly of Cowin, have submitted affidavits stating that they had no knowledge of the information Cowin allegedly undertook to warn Carl Roebuck. (Doc. # 2, Ex. 5, at ¶¶ 10, 11, 12; Doc. # 2, Ex. 4, at ¶¶ 10, 11, 12). Based upon this evidence, Defendant maintains that Cowin could not possibly have undertaken a duty to warn Carl Roebuck because it is not possible that any "close relationship" existed, and the Cowin employees Carl Roebuck had contact with had no knowledge of the alleged defect.

The court disagrees. The evidence submitted by Case has simply not persuaded the court that no possibility exists that the state court would find that Plaintiff can state a cause of action for fraudulent suppression against Cowin. First, the court notes that the testimony of Roebuck upon

which Case principally relies shows nothing more than Carl Roebuck's *personal* characterization of the relationship that he had with Cowin in response to defense counsel's question.  Whether Roebuck would use the term "close" (which, notably, was not defined by defense counsel when the question was posed) to describe his relationship with Cowin employees is not dispositive of whether, under Alabama law, Roebuck's relationship with Cowin was sufficiently "special" or "close" to impose upon Cowin a duty to warn.   In fact, when the entirety of Roebuck's testimony is considered (Case supplied the court with only a partial transcript), it becomes apparent that the nature of Roebuck's relationship with Cowin is very much an open question:

> Q. All right.  I want to ask you a couple questions. [Your February 25, 2006] affidavit states that you have developed a business relationship with Cowin Equipment Company and several of its employees. That's true, isn't it?
>
> A. Yes.
>
> Q. It also says that you were most familiar with Joe Degardo . . . .
>
> [ . . . ]
>
> A. Yes.  Yes.
>
> Q. Okay.  And is that true?
>
> A. Yes.
>
> Q. All right.  In the affidavit, it says that rather than sending a serviceman to Albertville, I was able to speak or to talk to Cowin representatives by phone and they would walk me through repairs or work on the backhoe.  Is that true?
>
> A. That's right.
>
> Q. Is that right?
>
> A. Yes.

9

Q.      All right. "Cowin would instruct me and give me advice on installing replacement parts and maintaining the backhoe." Is that true?

A.      Yes.

Q.      Then I want to ask you this. It says "at no time during our relationship" – and I missed this but I think you said earlier that you began that relationship in the year 2001. Does that sound about right?

A.      Yes, sir.

Q.      "At no time during our relationship, did anyone at Cowin Equipment tell me of the dangerous condition that existed with respect to the 580 Super K Case backhoe regarding the operation of the foot pedals."

        So my question will be much like the question you've just been asked. Is that – is that true?

A.      That's true.

Q.      Did anyone ever warn you that the boom could be accidentally activated by the unguarded foot pedals?

                                        [ . . . ]

Q.      (By Mr. Marsh) Let me restate that. [ . . . ] Did anyone with Cowin ever state to you or warn you that there had been – that the boom could be accidentally activated by the unguarded foot pedals?

A.      No, sir.

                                        [ . . . ]

Q.      Okay. Did anyone at Cowin ever inform you there had been any other accidents or incidents involving foot pedals on 580 Super K Case backhoes? And by that, I mean accidents or incidents similar to the one that took your son's life?

A.      No, sir.

10

(Doc. # 5, Ex. A, pp. 191-194).   Roebuck's deposition testimony is simply not "clear and convincing" evidence that Cowin was fraudulently joined in this action.[3]

Moreover, the affidavit testimony of Cowin's employees regarding the extent of their knowlege of the alleged defect is not dispositive either, especially considering that Plaintiff has not yet taken the depositions of those employees or otherwise had a chance to challenge the credibility of their statements.[4]   While the evidence currently before the court may not establish presumptively

---

[3] To the extent that Case maintains that Roebuck's deposition testimony is inconsistent with his pre-deposition affidavit, the court finds the following Middle District of Alabama case to be instructive:

> At first glance, it appears that the inconsistencies between the deposition testimony and affidavit are so blatant and irreconcilable as to warrant the exclusion of the affidavit.  After a closer examination, however, the court finds that the affidavit merely restates Griggs' previous deposition testimony and that the real inconsistencies, if any, lie within the deposition itself. [ . . . ]

> In sum, the court finds that any confusion or contradiction manifests itself, if at all, in the deposition and that the affidavit merely recites that portion of the deposition where Griggs testifies that if Strother withheld information, he "lied."  Hence, the court finds that any variances in testimony relate to the credibility and weight of the evidence, which is a question of fact for the trier of fact. Accordingly, the court will not usurp the jury's function by resolving issues of credibility and will not disregard the affidavit as a sham.

*Howard Griggs Trucking, Inc. v. American Cent. Ins. Co.*, 894 F. Supp. 1503, 1508-09 (M.D. Ala. 1995).

Moreover, because the court finds that, indeed there is a factual controversy in this case regarding the nature of the relationship between Roebuck and Cowin and whether Cowin undertook a duty to warn Roebuck, the court finds this case distinguishable from *Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005), in which the Eleventh Circuit noted: "factual controversies in favor of the nonmoving party, but *only* when there is an actual controversy, that is, when *both* parties have submitted *evidence* of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts*." *Legg v. Wyeth*, 428 F.3d at 1324-25 (emphasis in original).

[4] Given the court's ruling that the evidence before it does not meet the "clear and convincing standard," the court need not consider Plaintiff's request that she be allowed, before the court rules

that Cowin's relationship with Carl Roebuck was sufficient to impose a duty to warn, it does not foreclose such a claim either.  Accordingly, based upon the limited discovery in this case, and without delving into the merits of Plaintiff's claims "beyond determining whether [they are] arguable" under Alabama law,  *Crowe*, 113 F.3d at 1538, the court finds that Case has not established fraudulent joinder by clear and convincing evidence.

## IV.    CONCLUSION

Given the facts of this case, to conclude that fraudulent joinder exists would require an impermissible overreach into the merits of Plaintiff's claims.  Because the court finds that Case  has failed to carry its burden of showing by clear and convincing evidence that Plaintiff has no possibility of prevailing on her claims,  Plaintiff's motion to remand is due to be granted.  The court will enter an order consistent with this Memorandum Opinion, remanding this case to the Circuit Court of Marshall County.

**DONE** and **ORDERED** this ____2nd_____ day of January, 2007.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

on the remand issue, to conduct additional discovery of Cowin employees to determine the scope of Cowin's relationship with Carl Roebuck. (Doc. # 5, at 26-27).  Nor does the court need to determine whether Defendants intentionally delayed the scheduling of those depositions to impact the removal, as Plaintiff appears to allege. (Doc. # 5, at 26-27).